IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JOEY MCDONALD  )<br> )<br>           Plaintiff,  )<br> )<br>v.  )<br> )<br>HEAD MERCANTILE CO., INC.  )<br>a/k/a Strategic Outsourcing Solutions  )<br> )<br>and  )<br> )<br>JAMES SCHARFELD  )<br> )<br>           Defendants.  ) | **COMPLAINT**<br><br>Case No.: 5:21-cv-41<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Joey McDonald, by and through the undersigned counsel, and for his Complaint against Defendants, Head Mercantile Co., Inc. (hereinafter "Head Mercantile") and James Scharfeld (hereinafter "Scharfeld"), under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") states as follows:

**JURISDICTION**

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside

1

in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Wolfforth, a part of Lubbock County, Texas.

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Wolfforth, a part of Lubbock County, Texas, making Sherman a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant Head Mercantile, an Ohio corporation headquartered in Westlake, Ohio practices as a debt collector throughout the country, including Texas.

8. Defendant Head Mercantile attempts to collect alleged debts throughout the state of Texas, including in Lubbock County.

9. Defendant Head Mercantile has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant Head Mercantile has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in the city of Wolfforth, county of Lubbock, Texas and Defendant attempts to collect alleged debts throughout the state of Texas.

11. As Defendant Head Mercantile knowingly attempted to collect on a debt allegedly incurred in Wolfforth, Texas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

12. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

13. Defendants' collection activities violated the FDCPA.

14. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to

standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

15. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

16. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

**PARTIES**

17. Plaintiff, Joey McDonald (hereafter "Plaintiff"), is a natural person currently residing in the State of Texas.

18. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

19. Defendant Head Mercantile Co., Inc. is an Ohio corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 29065 Clemens Road Ste. 200, Westlake, Ohio 44145.

20. Defendant Head Mercantile is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

21. Defendant Head Mercantile regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

22. Head Mercantile is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

23. Head Mercantile regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

24. Defendant Head Mercantile is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

25. Trans Union, LLC is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Trans Union, LLC regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

    a. Public record information;

    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

26. Defendant James Scharfeld is an organizer and owner of Head Mercantile and serves as the President of Head Mercantile.

27. Upon information and belief, Defendant James Scharfeld is an individual residing in the state of Ohio, with his address at 31707 Sailors Cove, Avon Lake, Ohio 44012.

28.     Upon information and belief, Defendant Scharfeld has control over the conduct and actions of Head Mercantile.

29.     Defendant Scharfeld, upon information and belief, controls Head Mercantile's collection strategy, including its decision to employ unlawful tactics in an attempt to increase revenue.

30.     Defendant Scharfeld is vicariously liable for Head Mercantile's actions as he had agency over determining who collected alleged debts, what alleged debts they collected, and in employing illegal strategies in an attempt to collect debts.

## FACTUAL ALLEGATIONS

31.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Head Mercantile.

32.     Upon information and belief, on a date better known by Head Mercantile, Head Mercantile began to attempt to collect an alleged consumer debt from the Plaintiff.

33.     On or about April 29, 2020, Plaintiff had a telephone conversation with Defendant Head Mercantile regarding an alleged debt allegedly owed by Plaintiff.

34.     The alleged debt was said to be owed to App Northwest Emergency Association and would therefore only have been incurred for personal or family purposes.

35.     The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

36.     The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

37.     During the telephone call, Plaintiff informed he was disputing the alleged debt.

38.     Once Plaintiff disputed the debt, Defendant Head Mercantile was required to mark the account as disputed if it chose to voluntarily report to the Credit Reporting Agencies, specifically Trans Union, LLC.

39. Head Mercantile was voluntarily reporting a collection account on Plaintiff's credit report with the credit reporting agencies.

40. Head Mercantile's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

41. Head Mercantile admitted that Plaintiff had previously disputed the account. This dispute, though, was not being reported on Plaintiff's credit report.

42. On or about July 17, 2020, Plaintiff received an updated credit file from Trans Union, LLC. **Exhibit A.**

43. That the credit report was updated on June 30, 2020 by Head Mercantile.

44. That the updated June 2020 credit report did not contain updated account information.

45. That the updated June 2020 credit report did not contain updated marked as disputed information.

46. That Head Mercantile furnished information to Trans Union, LLC regarding Plaintiff's account without notifying them the account had been disputed by consumer.

47. That Head Mercantile failed to update the account information and mark the account as disputed on the updated June 2020 credit report after Plaintiff disputed the account in April 2020.

48. Upon information and belief, that Head Mercantile never updated the account information and never marked it as disputed even after receiving information of the dispute.

49. All of Head Mercantile's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

50. All of Head Mercantile's actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

51. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the Head Mercantile.

52. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by Head Mercantile.

53. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by Head Mercantile.

54. Plaintiff has suffered actual harm based on his costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

55. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Head Mercantile.

56. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

57. Upon information and belief, Defendants Scharfeld and Head Mercantile arbitrarily share and allocate funds amongst themselves.

58. Upon information and belief, Defendants Scharfeld and Head Mercantile have a unity of business interest.

59. Defendant Head Mercantile has no separate interests or functions that exist outside of Defendant Scharfeld's interests and functions.

60. Defendant Scharfeld exercised control over Defendant Head Mercantile's conduct and attempts to collect the alleged debt. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 404 (3d Cir. 2000); Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508 (S.D.N.Y. 2013); See also, e.g., Plummer, 66 F. Supp. 3d at 493; Fritz v. Resurgent Cap. Servs., LP, 955 F. Supp. 2d 163, 177 (S.D.N.Y. 2013).[6]; Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173 (9th Cir.

2006); Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011). See also, e.g., Nichols v. Niagara Credit Recovery, Inc., No. 12-cv-1068, 2013 WL 1899947, at *5 (N.D.N.Y. May 7, 2013); Sanchez v. Abderrahman, No. 10 Civ. 3641, 2013 WL 8170157, at *6 (E.D.N.Y. July 24, 2013).

61. Defendant Scharfeld is vicariously liable for Defendant Head Mercantile's actions as he had agency over determining the amount of the alleged debt that the debt collector, Defendant Head Mercantile, was allowed to attempt to collect on his behalf.

62. Defendant Head Mercantile would have collected the alleged debt if Defendant Scharfeld had not in fact given them approval or agency to act on their behalf to collect in a manner Defendant Scharfeld had knowingly approved or permitted.

63. Upon information and belief, Defendant Scharfeld gave Defendant Head Mercantile the green light, and thus agency, to attempt to collect the alleged debt in the manner in which Head Mercantile did.

64. Upon information and belief, Defendants Scharfeld and Head Mercantile have engaged in a business strategy that includes attempted collections through illegal policies and procedures.

65. Upon information and belief, Defendants Scharfeld and Head Mercantile have a corporate policy that allows its employees to violate the FDCPA and FCRA in an attempt to receive payments on alleged debts.

66. Upon information and belief, Defendants Scharfeld and Head Mercantile have a corporate policy and strategy of refusing to investigate disputes or mark accounts as disputed.

## Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions

67. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

68. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. Because Plaintiff disputed the debt, Head Mercantile, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

70. Head Mercantile used deceptive and misleading tactics when it communicated personal credit information which was known or which should have been known to be false, including the failure to communicate the debt was disputed in violation of 15 U.S.C. §§ 1692e, 1692e(8). See Sayles v. Advanced Recovery Systems, Incorporated, 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

71. Head Mercantile's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997)

9

(When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.") See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

72. Head Mercantile violated the Plaintiff's right not to be the target of misleading debt collection communications.

73. Head Mercantile violated the Plaintiff's right to a truthful and fair debt collection process.

74. Head Mercantile's communications with Plaintiff were deceptive and misleading.

75. Head Mercantile used unfair and unconscionable means to attempt to collect the alleged debt.

76. Head Mercantile's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Head Mercantile's collection efforts.

77. Head Mercantile's failure to mark a debt as disputed it knows or should know is disputed violates § 1692e, 1692e(8) of the FDCPA.

78. Head Mercantile's conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding his situation.

79. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

80. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Head Mercantile's conduct.

81. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. Head Mercantile's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

82. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

83. Defendant Head Mercantile's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Joey McDonald, prays that this Court:

A. Declare that Head Mercantile's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Joey McDonald, and against Defendants Head Mercantile and Scharfeld, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**Count II: Violation Of 15 U.S.C. § 1681s-2(B) of the FCRA-
Duties of Furnishers of Information upon Notice of Dispute**

84. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

85. Defendant Head Mercantile violated 15 U.S.C. § 1681s-2(b) by continuing to report the Head Mercantile representation within Plaintiff's credit file with Equifax without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute

11

of the Head Mercantile representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Head Mercantile representations to the consumer reporting agencies.

86. As a result of this conduct, action and inaction of Head Mercantile, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

87. Defendant Head Mercantile's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

88. Plaintiff is entitled to recover costs and attorney's fees from Head Mercantile in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Joey McDonald, prays that this Court:

    A.    Declare that Head Mercantile's credit reporting actions violate the FCRA;

    B.    Enter judgment in favor of Plaintiff Joey McDonald, and against Defendants Head Mercantile and Scharfeld, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

    C.    Or, in the alternative, enter judgment in favor of Plaintiff Joey McDonald, and against Defendants Head Mercantile and Scharfeld, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

    D.    Grant other such further relief as deemed just and proper.

## JURY DEMAND

89. Plaintiff demands a trial by jury on all Counts so triable.

Dated: February 18, 2021

                                                                Respectfully Submitted,

                                                                **HALVORSEN KLOTE**

By:     /s/ Joel S. Halvorsen

           Joel S. Halvorsen, #67032
           Samantha J. Orlowski, #72058
           Halvorsen Klote
           680 Craig Road, Suite 104
           St. Louis, MO 63141
           P: (314) 451-1314
           F: (314) 787-4323
           joel@hklawstl.com
           sam@hklawstl.com
           *Attorneys for Plaintiff*